CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 12, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ROBERT EUGENE SAMPSON,** ) | |
| Plaintiff, ) | Case No. 7:24-cv-00615 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **CHAD DOTSON, et al.,** ) | Senior United States District Judge |
| Defendants. ) | |

# MEMORANDUM OPINION

Plaintiff Robert Eugene Sampson, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, alleging that he was falsely arrested and imprisoned for violating the terms of his probation. Along with his complaint, Sampson submitted a partial application to proceed in forma pauperis. Court records indicate that Sampson has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.* Therefore, under the three strikes provision of the Prison Litigation Reform Act, Sampson may not proceed with this action unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The imminent danger exception is triggered only if an inmate "alleges sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022). The exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048,

---

\* See Sampson v. Rockingham County Jail, No. 7:06-cv-00310 (W.D. Va. June 12, 2006); Sampson v. Pulaski Correctional Unit, No. 7:01-cv-00299 (W.D. Va. May 11, 2001); Sampson v. Rockingham County Regional Jail, No. 7:00-cv-00793 (W.D. Va. Oct. 30, 2000), aff'd, 3 F. App'x 163, 164 (4th Cir. 2001).

1050 (8th Cir. 2003). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting Martin, 319 F.3d at 1050).

Sampson's allegations fall far short of satisfying the imminent danger exception. He does not allege that he suffered any physical injury as a result of the defendants' actions or omissions, much less that he faces an imminent risk of serious physical injury. Because Sampson has not prepaid the filing fee or demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice under 28 U.S.C. § 1915(g). An appropriate order will be entered.

Entered: September 11, 2024

Mike Urbanski
Senior U.S. District Judge
2024.09.11 17:30:13
-04'00'

Michael F. Urbanski
Senior United States District Judge